ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| | | |
|---|---|---|
| SUCESIÓN DE JOSEFA MARGARITA MORALES HERNÁNDEZ, compuesta por sus hijos, CARLOS GARCÍA MORALES, JACKELINE GARCÍA MORALES y MARÍA GARCÍA MORALES, Recurrida, v. DEBORAH LYNN LIZZA, Peticionaria. | TA2026CE00688 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez. Civil núm.: MZ2023CV00776. Sobre: aceptación, renuncia, remoción o sustitución del albacea. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de junio de 2026.

El 28 de mayo de 2025, la parte peticionaria, señora Deborah Lynn Lizza (señora Lizza)[1], instó este recurso, cuya finalidad es que revisemos la orden dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, que denegó su solicitud de una orden protectora al amparo de la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V.

Conforme a sus alegaciones, la señora Lizza es dueña de unas cuentas bancarias, que ubican en el estado de la Florida, EE.UU. Aduce que dichas cuentas, por ser de carácter privativo[2], no están sujetas a descubrimiento de prueba.

---

[1] La señora Lizza fue la compañera consensual del causante, Dr. Roberto F. García Morales. Este la designó albacea testamentaria en la Escritura de Testamento Abierto Núm. 74 otorgada el 24 de noviembre de 2019. Los recurridos son los hermanos del causante, quienes, a su vez, son los herederos de su madre, doña Josefa M. Morales Hernández. El doctor García Morales no tenía descendientes, por lo que instituyó a su madre, entonces viva, como la heredera de su legítima. A la señora Lizza le testó el %50 de su herencia.

[2] Las denomina *POD Accounts* (o *pay-on-demand*, por sus siglas en inglés). Aduce que el derecho vigente en el estado de la Florida dispone que este tipo de cuentas pertenece al beneficiario designado de estas; en este caso, la señora Lizza. Por su parte, la recurrida ha planteado que estas cuentas se nutrieron de fondos pertenecientes al caudal hereditario, por lo que sí están sujetas a descubrimiento de prueba.

Por su parte, la parte recurrida se opuso a la solicitud de orden protectora amparada en la norma prevaleciente con respecto a la liberalidad y amplitud del descubrimiento de prueba.

Perfeccionado el recurso, denegamos la expedición del auto.

I

A

El tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así, pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

La discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de

discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service*, 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

B

Los mecanismos de descubrimiento de prueba contemplados en las Regla de Procedimiento Civil de Puerto Rico permiten a las partes litigantes descubrir, obtener o perpetuar la prueba necesaria en apoyo de sus alegaciones o defensas, previo a la celebración del juicio. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes litigantes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 151-152 (2000).

Respecto al alcance del descubrimiento de prueba, el Tribunal Supremo de Puerto Rico ha adoptado la política de que dicho procedimiento debe ser amplio y liberal. Nuestro ordenamiento solo establece dos limitaciones; a decir: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente a la controversia. *Rivera y otros v. Bco. Popular*, 152 DPR, a la pág. 152-153. Así lo establece la Regla 23.1(a) de Procedimiento Civil, que dispone explícitamente que: "Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente […]."

Nótese, además, que la Regla 23.1(a) claramente consigna que no constituirá objeción que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. En otras palabras, el concepto de "pertinencia" es más amplio que el utilizado en la resolución de problemas evidenciarios. *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 40 (1986).

Claro está, también se ha reconocido que el ámbito del descubrimiento de prueba no es ilimitado. El concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr una solución de las controversias de forma justa, rápida y económica. *Íd.*

En cuanto a ello, la Regla 23.2 de Procedimiento Civil provee para que el foro primario regule o limite el descubrimiento de prueba en determinadas circunstancias. En particular, el sub inciso (b) de la Regla 23.2 dispone que el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a una parte litigante u otra persona de hostigamiento, perturbación u opresión, así como de cualquier molestia o gasto indebido.

En ese sentido, la discreción del foro primario para regular el ámbito del descubrimiento es amplia, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera y otros v. Bco. Popular*, 152 DPR, a la pág. 154.

II

Evaluado el recurso instado por la señora Lizza el 28 de mayo de 2026, este Tribunal concluye que no se nos persuadió de que el foro primario hubiera incurrido en error alguno, que justifique nuestra intervención en esta etapa de los procedimientos.

En su consecuencia, denegamos la expedición del auto de *certiorari* y **dejamos sin efecto la orden de paralización** de los procedimientos emitida el 28 de mayo de 2026.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones